UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TOMAS BENITO LOPEZ, and
RUDY ALEXANDER BENITO CRUZ,

                          ORDER

                  Plaintiffs,

                          CV 14-1710

    -against-

                          (Wexler, J.)

A. NAPCO & SON INC., and
ANTHONY NAPOLITANO,

                  Defendants.
-----------------------------------------------------------------------X

      On March 14, 2014, Plaintiffs commenced the within action for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. And the New York Labor Law ("NYLL"). To date, Defendants have not appeared in the action and the Clerk of the Court certified their default on June 16, 2014. Plaintiffs now seek a default judgment in the amount of $52,690.15, which represents: (1) $17,378.40 in unpaid overtime wages, pursuant to the FLSA; (2) $17,378.40 in liquidated damages, pursuant to the FLSA; (3) $17,378.40 in liquidated damages, pursuant to the NYLL; and (4) $554.95 in litigation costs. Plaintiffs' motion is granted in part and denied in part.

      With respect to the unpaid overtime wages, Plaintiffs correctly recognize that they may not obtain duplicate recovery under both the FLSA and the NYLL and have elected to apply only the FLSA in calculating their unpaid overtime compensation. See Villegas v. Monica Rest. Corp., No. CV-12-4131, 2013 U.S. Dist. LEXIS 111984, at *7-8 (E.D.N.Y. Aug. 8, 2013) (collecting cases); see also Rodriguez v. Queens Convenience Deli Corp., No. 09-CV-1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (noting that "plaintiff may recover under the statute

which provides the greatest amount of damages"). That part of Plaintiffs' motion that seeks payment of their unpaid overtime wages, pursuant to the FLSA, is therefore granted.

"As to liquidated damages, there is a split of authority in this Circuit as to whether a plaintiff may obtain cumulative recovery under both [the FLSA and the NYLL]." Villegas, 2013 U.S. Dist. LEXIS 111984, at *8 (citing Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012)) (comparing cases). This Court agrees with the view that a cumulative recovery of liquidated damages under both statutes is unwarranted. See Villegas, 2013 U.S. Dist. LEXIS 111984, at *8 (citing cases). Accordingly, that part of Plaintiffs' motion that seeks a cumulative recovery of liquidated damages is denied. Plaintiffs may obtain liquidated damages under either the FLSA or the NYLL, but not both.

Plaintiffs are directed to file a proposed judgment consistent with this Order within ten (10) days.

**SO ORDERED:**

Dated: Central Islip, New York
August 7, 2014

/s/
LEONARD D. WEXLER
United States District Judge